# SUPREME JUDICIAL COURT

FOR THE

## COUNTY OF WORCESTER, SEPTEMBER TERM 1840.
## AT WORCESTER.

PRESENT:

Hon. LEMUEL SHAW, Chief Justice,
Hon. SAMUEL PUTNAM,
Hon. SAMUEL S. WILDE, } Justices.
Hon. CHARLES A. DEWEY,

---

### LEONARD STONE vs. EBENEZER CLARK.

Where a deed, conveying land, is of doubtful construction as to the boundaries, the construction given by the parties themselves, as shown by their acts and admissions, is deemed to be the true one, unless the contrary be clearly shown.

Parol evidence of the practical construction given to a deed, by the parties thereto, is admissible when the language thereof — especially in the description of the land conveyed — is doubtful.

WRIT of entry to recover thirty-three acres of land in Oxford, called the Butler lot. The demandant counted on his own title in fee and in mortgage, and claimed as assignee of two mortgages, one made in 1801, and the other in 1806, to Andrew Sigourney, by Sylvanus Learned.

Several questions were raised, at the trial before the chief justice, and were argued at the September term, 1839; but as the case was decided solely on a question of boundary, the facts, on which the other questions arose, are here omitted.

It was proved at the trial, that when the said mortgages were made by Sylvanus Learned, he owned several contiguous parcels of land, including the Butler lot, conveyed to him by his father, Ebenezer Learned, in the years 1786, 1789 and 1796, the Butler lot being conveyed in the latter year, by a separate deed.

The further facts, on which the decision turned, and the description given of the land, in the two mortgage deeds, are set forth in the opinion of the court.

*Washburn*, for the demandant.

*Barton*, for the tenant.

WILDE, J.   In this case several questions, of more or less difficulty, have been submitted, the principal one being a question of boundaries, depending on the construction to be given to the mortgage deeds, under which the demandant claims title The first of these deeds, from Sylvanus Learned to Andrew Sigourney, is dated in 1801 ; and the land mortgaged is thus described : " A certain farm or tract of land, lying in the north erly part of Oxford, containing by estimation two hundred acres, be the same more or less, bounded west on land of Ebenezer Learned, north by Jacob Works, east by a town road and Reuben Lamb, and south by the land of Asa Conant to the west line. first mentioned."

The second deed from said Learned to said Sigourney is dated in 1806, and the land then mortgaged is described as follows : " A certain farm or tract of land with the buildings thereon, lying and being in the northerly part of Oxford, containing by estimation two hundred acres, be the same more or less, bounded westwardly on the late Ebenezer Learned's farm, north on Jacob Works, easterly on a town road, Israel Stone and others, and southerly on the late Asa Conant's farm."

The descriptions of the land conveyed by the two deeds are not precisely similar ; but undoubtedly the same tract of land was intended to be described in both deeds.   The question is whether the Butler lot, which is now demanded, be embraced by these descriptions.   The difficulty of construction arises

from the imperfect description of the easterly line of the lot mortgaged.*

By the first deed the land conveyed is bounded easterly by a town road, and Reuben Lamb. And by the second deed, the same is bounded easterly by a town road, Israel Stone, and others. Both descriptions of this line are defective, but are correct as far as they go, whether the Butler lot be included or not. In either case, the land is bounded easterly by a town road, and by lands of Reuben Lamb, and Israel Stone, and also by land of Luther Stone, as appears by the survey, and the testimony of the surveyor. By his testimony also it appears that the farm mortgaged, exclusive of the Butler lot, was commonly called the old Learned farm, and was always separated from the Butler lot by a fence: And that it measured one hundred and ninety-one acres and sixty-one rods, which nearly corresponds with the measure as estimated in the two deeds. This evidence favors the presumption that the Butler lot was not intended to be included in the mortgages; and the presumption is fully confirmed by the other evidence in the case.

When the construction of a deed is doubtful, great weight is to be given to the construction put upon it by the parties, especially in doubtful questions of boundaries, which must be presumed to be within their knowledge. When both parties, therefore, agree as to the boundaries and lines of a lot, they must be taken to be the true boundaries and lines, unless the contrary can be clearly shown. In the present case it was conclusively proved that, by the construction given to the mortgages by the

---

* The sketch below will show the eastern boundaries of the land mortgaged

parties, the Butler lot was not included.  In 1810, Sylvanus
Learned mortgaged this lot to James Butler, which mortgage
was afterwards discharged; and in 1818, the said Learned con-
veyed the same lot to the said Butler in fee, with covenants of
seizin and warranty, and that the premises were free of all in-
cumbrances.   The grantee entered under that deed, and the
tenant holds by sundry mesne conveyances from him.   No
claim has been interposed, until recently, to this lot, by Sig-
ourney or by any one claiming under him; but the tenant, and
those under whom he claims, have had seizin and possession of
the premises ever since the time of the execution of the last
deed to Butler.

In 1821, Sigourney, the mortgagee, entered for condition
broken on the farm, exclusive of the Butler lot, and thereupon
leased the premises to Abisha Learned, the agent and attorney
of the mortgagor, for the term of three years.   And by this
lease the premises are bounded easterly on James Butler, Israel
Stone and a town road.

This evidence shows clearly the understanding and intention
of the parties, according to which the Butler lot was not includ-
ed as a part of the mortgaged premises.   This construction of
the mortgage deeds, thus expressly admitted by the repeated
acts of the parties, must be deemed the true construction, unless
it be repugnant to the descriptive language of the conveyances.
And it is manifest that there is no such repugnancy.   The
easterly and indeed the southerly lines of the mortgaged premis-
es are imperfectly described ; but so far as they are described,
the description is sufficiently correct.

It was objected, in the argument by the demandant's counsel,
that the parol evidence of the acts of the parties was not admis-
sible.   But there is no ground for this objection.   When the
language of a conveyance is unambiguous, no parol evidence to
vary or control its import is admissible.   But where the lan-
guage is doubtful, especially in the description of the land con-
veyed, there evidence of the practical construction by the par-
ties is admissible to explain and remove the doubt.   3  Mass.
362.   10 Mass. 149.   16 Pick. 239.   1 T. R. 701.   Besides,

in the descriptive parts of the two mortgages, there was a latent ambiguity, which clearly authorized the admission of the parol evidence.

Upon the whole matter, therefore, we are of opinion that the Butler lot was not included in either of the mortgages from Learned to Sigourney, and consequently, according to the agreement of the parties, the demandant is to become